IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COU TS
SOUTHERN DISTRICT OF TEXAS
FILED

DEC - 8 2004

~~~~~ M. ~~~~by, Clerk of Court

| | | |
|---|---|---|
| JOANNE MACKAY NASTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | **H-04-4590** |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| CIBA SPECIALTY CHEMICALS | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 *et seq.*, Ciba Specialty Chemicals Corporation ("Ciba") files this Notice of Removal of the civil action filed against it by Joanne MacKay Nasti ("Plaintiff"). Removal is proper based on the following:

1.       On September 27, 2004, Plaintiff apparently filed Plaintiff's Original Petition in the 133rd Judicial District Court of Harris County, Texas, Cause No. 2004-53637. On October 15, 2004, Plaintiff apparently filed Plaintiff's First Amended Original Petition ("Amended Petition"). On November 17, 2004, Ciba was served with process through its registered agent. Ciba timely filed its answer to the Amended Petition on November 30, 2004.

2.       The 30-day period within which Defendant is required by the laws of the United States, 28 U.S.C. § 1446(b), to file this notice of removal -- *e.g.*, the period ending December 17, 2004 -- has not yet expired.

3.       This Court has original subject matter jurisdiction over this civil action under 28 U.S.C. § 1332, in that it is a civil action between the citizens of different states, and therefore this action is one which may be removed to this Court by Defendant pursuant to the

provisions of 28 U.S.C. § 1441.  At the time this action was filed in state court, Plaintiff Joanne

MacKay Nasti was, and is, a citizen of Texas. (First Am. Pet. ¶ 2.1.)  At the time this action was

filed in state court, Defendant was, and is, a corporation organized under the laws of Delaware

with its principal place of business in Tarrytown, New York.   Additionally, the amount in

controversy exceeds $75,000.00.

      4.    This Court has original subject matter jurisdiction over this civil action

under 28 U.S.C. § 1331 because a federal question is raised.  Plaintiff alleges that Ciba "violated

the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* when it discharged [her]." (First Am.

Pet. ¶ 1.1.)

      5.    This Court also has supplemental removal jurisdiction pursuant to 28

U.S.C. § 1367 over any of Plaintiff's state-law claims, if viable, because such claims are so

related to Plaintiffs' federal claim that they form part of the same case or controversy under

Article III of the United States Constitution.

      6.    By virtue of this removal petition, Defendant does not waive its right to

assert any claims or other motions, including Rule 12 motions, permitted by the Federal Rules of

Civil Procedure.

      7.    Pursuant to Local Rule 81 of the United States District Court for the

Southern District of Texas, this notice of removal is accompanied by copies of the following:

      (i)    All executed process in the case (Exhibit A);

      (ii)    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);

      (iii)    All orders signed by the state Judge (none);

      (iv)    The docket sheet (Exhibit C);

      (v)    An index of matters being filed (Exhibit D); and

       (vi)    A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit E).

       8.      Pursuant to 28 U.S.C. § 1446(d), Defendant shall give written notice of the filing of this notice of removal to all adverse parties and a copy of this notice is also being filed with the clerk of the state court in which this case was originally filed.

       9.      Defendant accordingly prays that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with law.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: _____
     Teresa S. Valderrama
     State Bar No. 20422500
     Federal I.D. No. 10687
     One Shell Plaza
     910 Louisiana
     Houston, Texas  77002
     Telephone:  (713) 229-1860
     Facsimile:  (713) 229-7860

OF COUNSEL:

Carrie A. Hays
State Bar No. 24040924
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, Texas  77002
Telephone:  (713) 229-1988
Facsimile:  (713) 229-2788

ATTORNEY-IN-CHARGE FOR
CIBA SPECIALTY CHEMICALS
CORPORATION

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of Defendant's Notice of Removal has been served by certified mail, return receipt requested, on counsel for Plaintiff, Gregg M. Rosenberg, Gregg M. Rosenberg & Associates, 11 Greenway Plaza, Suite 2810, Houston, Texas 77046, on this _____ day of December 2004.

_____
Teresa S. Valderrama

tab A

CAUSE NO. 2004-53637

| | | |
|---|---|---|
| JOANNE MACKAY NASTI | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 133RD JUDICIAL DISTRICT |
| CIBA SPECIALTY CHEMICALS | § | |
| CORPORATION | § | HARRIS COUNTY, TEXAS |

## RETURN

Came to hand: NOVEMBER 1 _____ ,2004

☒  CITATION & FIRST AMENDED ORIGINAL PETITION _____
☐  _____
☐  _____
☐  _____
☐  _____

Executed on: NOVEMBER 17 _____ ,20 04

Executed at 701 BRAZOS ST., #1050, AUSTIN, TEXAS 78701 ,County of TRAVIS _____
by delivering to CIBA SPECIALTY CHEMICALS CORPORATION, BY DELIVERING TO ITS
REGISTERED AGENT CORPORATION SERVICE COMPANY, BY DELIVERING TO LORENZO FLORES ,by
Certified Mail, Return Receipt Requested, Receipt No. 7002 2410 0000 9640 4373 ,a true copy
of this citation together with the accompanying pleading, having first attached such copy of such
citation to such copy of pleading.

I am over the age of 18, not a party this case, nor am I related to, employed by, or otherwise connected to any party or any party's
attorney in this case, and I have no interest in the outcome of the above numbered suit. I am of sound mind and have never been
convicted of a felony or misdemeanor involving moral turpitude.

Authorized Person: ANDREW C. MANGER
LONE STAR ATTORNEY SERVICE, INC.
6065 HILLCROFT, SUITE 509, HOUSTON, TX 77081

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be
the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the
statements therein contained are true and correct. Given under my hand and seal of office on this the 23RD day of
NOVEMBER _____ ,20 04

Notary Public

BARBARA GOODMAN
Notary Public, State of Texas
My Commission Expires
August 09, 2008

tab B

ASSESSED

ENTERED _____

VERIFIED _____

NO. 2004-55637

| JOANNE MACKAY NASTI, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| CIBA SPECIALTY CHEMICALS | § | |
| CORPORATION, | § | 133 JUDICIAL DISTRICT |
| | § | |
| Defendant | § | |

<u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

1. <u>INTRODUCTION</u>

1.1.   Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case under the Texas Commission on Human Rights Act (Hereafter, the "ACT") and state Common Law as to any and all issues triable to a jury. Plaintiff alleges Defendant CIBA SPECIALTY CHEMICALS CORPORATION violated the Act when Defendant state Common Law as to any and all issues triable to a jury. Plaintiff also alleges that Defendant CIBA SPECIALTY CHEMICALS CORPORATION violated the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* when it discharged the Plaintiff. Plaintiff alleges Defendant CIBA SPECIALTY CHEMICALS CORPORATION took adverse personnel actions against Plaintiff.

1.2    COMES NOW, JOANNE MACKAY NASTI, (hereinafter referred to as "Plaintiff") complaining of and against CIBA SPECIALTY CHEMICALS CORPORATION (hereinafter referred to as "Defendant ") and for cause of action respectfully shows the court the following:

## 2.  PARTIES

2.1.    Plaintiff is an individual residing in The Woodlands, Montgomery County, Texas.

2.2.    Defendant is an employer engaging in an industry affecting interstate commerce, and employs more than 15 regular employees.  Defendant can be served by serving its agent for service, Corporation Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

## 3.  VENUE

3.1.    Venue of this proceeding is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.002 because Harris County is the county in which all or part of the cause of action accrued, the county where Defendant maintains a residence, an agency or representative, and the county where the Plaintiff resides.

## 4.  FACTS

4.1.    Plaintiff is a 47-year-old female. She worked for Ciba as a Global Account Executive. From 1997 until 2003, she was ranked in the top 5% of Ciba's 20,000 employees.

4.2.    Ciba assigned Plaintiff to work on the Dow Global Account that is a grade 11  in the International ranks.

4.3.  In May 2002, Defendant told Plaintiff that she would have to wait at a grade 10 until she had proven herself. Plaintiff secured the account with Dow and had received accolades from Dow to as high as Ciba's Division President.

4.4.  Ciba promised Plaintiff her promotion many times.

4.5.  In May 2003, there was a new management position available which would have given Plaintiff the one missing requirement of having direct reports working under her as identified in SCOPE review  for high potential candidates. Defendent denied Plaintiff the promotion and hired a lesser qualified male who was not in their Leadership pool.

4.6.  Defendant gave Plaintiff a 360 review. She was graded the highest rating available and Defendant told her that she was an incredible leader and very motivated.

4.7.  Stephan Bochen, President of the Paper Division in Basel, Switzerland, wanted to interview Plaintiff. In October 2003, Dave Almond contacted Plaintiff to meet with him in Atlanta airport to keep her "off the radar screen." Mr. Almond told Plaintiff that she had an outstanding reputation. Plaintiff told him that she needed direct reports. Mr. Almond advised that he was interested in her as a Sales Manager with direct reports and would contact Human Resources and get back to Plaintiff.

4.8.  In November 2003, Mr. Bochen called Plaintiff and told her that her current division boss said she was on a performance improvement plan and untouchable within the company. Plaintiff was not on any performance improvement plan and, in fact, had an "exemplary" rating.

4.9.    Plaintiff contacted Carol Snyder in Human Resources and asked her what happened. Ms. Snyder asked Plaintiff why she took the interview with Mr. Almond and said that she should have gotten Bob Becherer's, her division boss' permission. Bob Becherer, however, was not nor ever has been her boss. Plaintiff asked Ms. Snyder about her career development and she said there is now no career development plan.

4.10.   Respondent terminated Plaintiff on Friday January 23, 2004, despite the fact that she had advised her supervisor that she was undergoing continuing treatment for a serious medical condition at the time and had requested to be placed on leave under the FMLA..

4.11.   Plaintiff was terminated in violation of the Texas Commission on Human Rights Act, as amended.

## 5.  TIMELINESS

5.1.    Plaintiff brought this suit within sixty (60) days from the date of receipt of Texas Commission on Human Rights issuance of the Notice of Right to File a Civil Action. (Exhibit "A").

5.2.    Plaintiff filed Plaintiff's lawsuit within two years of the date Plaintiff filed Plaintiff's Charge of Discrimination. (Exhibit "B").

## 6.  ADMINISTRATIVE CONDITIONS PRECEDENT

6.1.    Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 180 days of the date Plaintiff learned of the adverse employment action. (Exhibit "B").

Jurisdiction is also appropriate since this action was filed on or before two years from the date Plaintiff filed Plaintiff's complaint with the Texas Commission on Human Rights. (Exhibit "B").

### 7. DAMAGES

8.1.    As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers, potential future customers, and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

### 8. EXEMPLARY DAMAGES

9.1.    Defendant Ciba's actions were harsh, oppressive and malicious and as a further and proximate cause Plaintiff has suffered serious emotional distress due to Defendant's conduct.  The wrong done by Defendant aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Defendant acted with an evil intent to harm Plaintiff.  The conduct was intentional, with conscious indifference to the rights of Plaintiff and without justification or excuse.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

### 9 ATTORNEY'S FEES

10.1.    Defendants' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of GREGG M. ROSENBERG & ASSOCIATES, 11 Greenway Plaza, suite 2810, Houston, Texas

77046 in initiating this proceeding.   Plaintiff seeks recovery of reasonable and

necessary attorney's fees.

## 10. JURY DEMAND

11.1.   Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to

Rule 216 of the Texas Rules of Civil Procedure and deposits with the District

Clerk of Harris County, Texas the jury fee of thirty ($30.00) dollars.

## 11. PRAYER

12.1.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that

Defendant be cited to appear and answer, and that on final hearing of this cause

Plaintiff have the following relief:

    12.1.1.          Judgment against Defendant, for actual damages sustained by

                    Plaintiff as alleged herein;

    12.1.2.          Judgment against Defendant for back pay lost by Plaintiff as

                    alleged herein;

    12.1.3.          Judgment against Defendant for front pay by Plaintiff as alleged

                    herein;

    12.1.4.          Grant Plaintiff general damages for the damage to Plaintiff's

                    reputation;

    12.1.5.          Pre-judgment interest at the highest legal rate;

    12.1.6.          Post-judgment interest at the highest legal rate until paid;

    12.1.7.          Punitive damages and/or liquidated damages as the case may be.

    12.1.8.          Damages for mental pain and mental anguish for intentional

                    infliction of emotional distress;

12.1.9.      Exemplary damages;

12.1.10.      Attorney's fees;

12.1.11.      All costs of court expended herein;

12.1.12.      Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,

Gregg M. Rosenberg
Texas State Bar ID 17268750
GREGG M. ROSENBERG & ASSOCIATES
11 Greenway Plaza, Suite 2810
Houston, Texas 77046
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
GREGG M. ROSENBERG & ASSOCIATES

ATTORNEYS FOR PLAINTIFF

nasti/6.01/ original petition

6330 Hwy 290 East, Suite 250
Austin, TX 78723
P. O. Box 13006
Austin, TX 78711-3006
www.tchr.state.tx.us



(512) 437-3450
(512) 437-3478
(888) 452-4778 Toll Free
(512) 371-7473 TTY
(800) 735-2989 Texas Relay

**Texas Workforce Commission**
Civil Rights Division

August 13, 2004



## NOTICE OF RIGHT TO FILE A CIVIL ACTION

Gregg M. Rosenberg
ATTORNEY AT LAW
11 GREENWAY PLAZA, SUITE 2810
HOUSTON, TX 77046-1105

Re:  *Joanne Nasti v. CIBA SPECIALTY CHEMICALS*
     EEOC Complaint #330A402814
     TCHR/Local Commission Complaint #

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** If the above-referenced case was processed by the United States Equal Employment Opportunity Commission or another agency, you should also notify that agency as to your intention to file a civil action.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Ray Hammarth
Acting Employment Invest. Mgr.

### RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

Patricia L. Wager
ASSISTANT GENERAL COUNSEL
P.O. BOX 2005
TARRYTOWN, NY 10591

CERT-C



*The "Texas Workforce Commission is an Equal Opportunity Employer"*

03/03/2004  15:50  7136216676                ROSENBERG                        PAGE  03

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 330-2004-02814 |

Texas Commission on Human Rights _____ and EEOC

*State or local Agency, if any*

| NAME *(indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* | |
|---|---|---|
| Ms. JoAnne Nasti | (281) 367-2479 | |
| STREET ADDRESS     CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| 3 Raintree Place,    The Woodlands, Texas    77381 | | 10/27/56 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(if more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Ciba Specialty Chemicals | 500+ | (281) 363-4009 |
| STREET ADDRESS     CITY, STATE AND ZIP CODE | | COUNTY |
| 540 White Plains Road,    Tarrytown, NY    10591 | | |
| NAME | TELEPHONE NUMBER *(Include Area Code)* | |
| | | |
| STREET ADDRESS     CITY, STATE AND ZIP CODE | | COUNTY |
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ AGE | EARLIEST *(ADEA/EPA)*       LATEST *(ALL)* |
| ☐ RETALIATION   ☐ NATIONAL ORIGIN   ☐ DISABILITY   ☐ OTHER *(Specify)* | Jan. 23, 2004 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(if additional paper is needed, attach extra sheet(s)):*

Please see attached.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| 1/9/2004                          *Charging Party (Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)*   9/01/2004 |
| Date | |
| EEOC FORM 5 (10/94) | |

TABITHA T. RIVERA
MY COMMISSION EXPIRES
October 04, 2006

EXHIBIT
B

03/03/2004  15:50   713621ьь7ь          ROSENBERG                    PAGE  04

1.   I am a 47-year-old female. I worked for the Respondent, Ciba Specialty Chemicals (Respondent) as a Global Account Executive. From 1997 until 2002, I was ranked in the top 1% of Respondent's 20,000 employees.

2.   Respondent assigned me to work on the Dow Global Account which is a grade 11 in the International ranks.

3.   In May 2002, Respondent told me I would have to wait at a grade 11 until I had proven myself. I secured the account with Dow and I received accolades from Dow to Respondent's President.

4.   Respondent promised me many promotions.

5.   In May 2003, there was a new management position available which would have given me one missing requirement of having direct reports working under me. Respondent denied me the promotion and hired a lesser qualified male who was not in Respondent's management development pool.

6.   Respondent gave me a 360 review. I was graded the highest rating available and told me that I was an incredible leader and very motivated.

7.   Stephan Bochen, President of the Paper Division in Basel, Switzerland, wanted to interview me. In October 2003, Dave Almond contacted me to meet with him in Atlanta to keep me off the radar screen. Mr. Almond told me I have an outstanding reputation. I told him I needed direct reports, he said he would contact Human Resources and get back to me.

8.   In November 2003, Mr. Bochen called me and told me that my division boss said I was on a performance improvement plan and untouchable within the company. I was not a performance improvement plan.

9.    I contacted Carol Snyder in Human Resources and asked her what happened. Ms. Snyder asked me why I took the interview with Mr. Almond and said that I should have gotten Bob Becker, my division boss's permission. I asked Ms. Snyder about my career development and she said there is no career development.

10.   Respondent terminated me on Friday January 23, 2004.

11.   Respondent discriminated and retaliated against me and placed me in violation of Title VII of the Civil Rights Act of 1964, as amended and the Texas Commission on Human Rights Act, as amended based on my gender (female).

12.   The information provided in this Charge of Discrimination is provided for the express purpose of assisting the Equal Employment Opportunity Commission and/or the Texas Commission on Human Rights with its investigation of this claim. This information is not meant to be exhaustive or all encompassing, but rather to give the respondent fair notice of the claims being asserted herein. This information is not being provided so that an attorney representing the Respondent at some later date in the defense of a trial stemming from this Charge can use it to insinuate that it is inclusive to the last detail of the sum of the allegations being advanced against the Respondent.

FILE COPY

NO. 2004-53637

| | | |
|---|---|---|
| JOANNE MACKAY NASTI, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| CIBA SPECIALTY CHEMICALS | § | |
| CORPORATION, | § | |
| | § | 133rd JUDICIAL DISTRICT |
| Defendant | § | |

<u>PLAINTIFF'S FIRST AMENDED PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

## 1. <u>INTRODUCTION</u>

1.1.   Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case under the Texas Commission on Human Rights Act (Hereafter, the "ACT") and state Common Law as to any and all issues triable to a jury. Plaintiff alleges Defendant CIBA SPECIALTY CHEMICALS CORPORATION violated the Act when Defendant state Common Law as to any and all issues triable to a jury. Plaintiff also alleges that Defendant CIBA SPECIALTY CHEMICALS CORPORATION violated the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* when it discharged the Plaintiff. Plaintiff alleges Defendant CIBA SPECIALTY CHEMICALS CORPORATION took adverse personnel actions against Plaintiff.

1.2   COMES NOW, JOANNE MACKAY NASTI, (hereinafter referred to as "Plaintiff") complaining of and against CIBA SPECIALTY CHEMICALS

NO..2004-53637

| | | |
|---|---|---|
| JOANNE MACKAY NASTI, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| CIBA SPECIALTY CHEMICALS | § | |
| CORPORATION, | § | |
| | § | 133rd JUDICIAL DISTRICT |
| Defendant | § | |

PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1.  INTRODUCTION

1.1.    Plaintiff demands a JURY TRIAL in this employment discrimination and
        retaliation case under the Texas Commission on Human Rights Act (Hereafter, the
        "ACT") and state Common Law as to any and all issues triable to a jury. Plaintiff
        alleges Defendant CIBA SPECIALTY CHEMICALS CORPORATION violated
        the Act when Defendant state Common Law as to any and all issues triable to a
        jury. Plaintiff also alleges that Defendant CIBA SPECIALTY CHEMICALS
        CORPORATION violated the Family Medical Leave Act, 29 U.S.C. § 2601, *et.
        seq.* when it discharged the Plaintiff. Plaintiff alleges Defendant CIBA
        SPECIALTY CHEMICALS CORPORATION took adverse personnel actions
        against Plaintiff.

1.2     COMES NOW, JOANNE MACKAY NASTI, (hereinafter referred to as
        "Plaintiff") complaining of and against CIBA SPECIALTY CHEMICALS

CORPORATION (hereinafter referred to as "Defendant ") and for cause of action respectfully shows the court the following:

## 2.  PARTIES

2.1.    Plaintiff is an individual residing in The Woodlands, Montgomery County, Texas.

2.2.    Defendant is an employer engaging in an industry affecting interstate commerce, and employs more than 15 regular employees.   Defendant can be served by serving its agent for service, CT Corporation System, 1021 Main St., Suite 1150 Houston, Texas 77002.

## 3.  VENUE

3.1.    Venue of this proceeding is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.002 because Harris County is the county in which all or part of the cause of action accrued, the county where Defendant maintains a residence, an agency or representative, and the county where the Plaintiff resides.

## 4.  FACTS

4.1.    Plaintiff is a 47-year-old female. She worked for Ciba as a Global Account Executive. From 1997 until 2003, she was ranked in the top 5% of Ciba's 20,000 employees.

4.2.    Ciba assigned Plaintiff to work on the Dow Global Account that is a grade 11  in the International ranks.

4.3.    In May 2002, Defendant told Plaintiff that she would have to wait at a grade 10 until she had proven herself. Plaintiff secured the account with Dow and had received accolades from Dow to as high as Ciba's Division President.

4.4.    Ciba promised Plaintiff her promotion many times.

4.5.    In May 2003, there was a new management position available which would have given Plaintiff the one missing requirement of having direct reports working under her as identified in SCOPE review for high potential candidates. Defendent denied Plaintiff the promotion and hired a lesser qualified male who was not in their Leadership pool.

4.6.    Defendant gave Plaintiff a 360 review. She was graded the highest rating available and Defendant told her that she was an incredible leader and very motivated.

4.7.    Stephan Bochen, President of the Paper Division in Basel, Switzerland, wanted to interview Plaintiff. In October 2003, Dave Almond contacted Plaintiff to meet with him in Atlanta airport to keep her "off the radar screen." Mr. Almond told Plaintiff that she had an outstanding reputation. Plaintiff told him that she needed direct reports. Mr. Almond advised that he was interested in her as a Sales Manager with direct reports and would contact Human Resources and get back to Plaintiff.

4.8.    In November 2003, Mr. Bochen called Plaintiff and told her that her current division boss said she was on a performance improvement plan and untouchable within the company. Plaintiff was not on any performance improvement plan and, in fact, had an "exemplary" rating.

4.9.    Plaintiff contacted Carol Snyder in Human Resources and asked her what happened. Ms. Snyder asked Plaintiff why she took the interview with Mr. Almond and said that she should have gotten Bob Becherer's, her division boss' permission. Bob Becherer, however, was not nor ever has been her boss. Plaintiff asked Ms. Snyder about her career development and she said there is now no career development plan.

4.10.   Respondent terminated Plaintiff on Friday January 23, 2004, despite the fact that she had advised her supervisor that she was undergoing continuing treatment for a serious medical condition at the time and had requested to be placed on leave under the FMLA..

4.11.   Plaintiff was terminated in violation of the Texas Commission on Human Rights Act, as amended.

## 5.   TIMELINESS

5.1.   Plaintiff brought this suit within sixty (60) days from the date of receipt of Texas Commission on Human Rights issuance of the Notice of Right to File a Civil Action. (Exhibit "A").

5.2.   Plaintiff filed Plaintiff's lawsuit within two years of the date Plaintiff filed Plaintiff's Charge of Discrimination. (Exhibit "B").

## 6.   ADMINISTRATIVE CONDITIONS PRECEDENT

6.1.   Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 180 days of the date Plaintiff learned of the adverse employment action. (Exhibit "B").

Jurisdiction is also appropriate since this action was filed on or before two years from the date Plaintiff filed Plaintiff's complaint with the Texas Commission on Human Rights. (Exhibit "B").

## 7.   DAMAGES

8.1.   As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers, potential future customers, and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 8.  EXEMPLARY DAMAGES

9.1.    Defendant Ciba's actions were harsh, oppressive and malicious and as a further and proximate cause Plaintiff has suffered serious emotional distress due to Defendant's conduct.  The wrong done by Defendant aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Defendant acted with an evil intent to harm Plaintiff.  The conduct was intentional, with conscious indifference to the rights of Plaintiff and without justification or excuse.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## 9  ATTORNEY'S FEES

10.1.   Defendants' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of GREGG M. ROSENBERG & ASSOCIATES, 11 Greenway Plaza, suite 2810, Houston, Texas 77046 in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 10. JURY DEMAND

11.1.   Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Harris County, Texas the jury fee of thirty ($30.00) dollars.

## 11. PRAYER

12.1.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

12.1.1.        Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

12.1.2.        Judgment against Defendant for back pay lost by Plaintiff as alleged herein;

12.1.3.        Judgment against Defendant for front pay by Plaintiff as alleged herein;

12.1.4.        Grant Plaintiff general damages for the damage to Plaintiff's reputation;

12.1.5.        Pre-judgment interest at the highest legal rate;

12.1.6.        Post-judgment interest at the highest legal rate until paid;

12.1.7.        Punitive damages and/or liquidated damages as the case may be.

12.1.8.        Damages for mental pain and mental anguish for intentional infliction of emotional distress;

12.1.9.        Exemplary damages;

12.1.10.      Attorney's fees;

12.1.11.      All costs of court expended herein;

12.1.12.      Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,

Gregg M. Rosenberg
Texas State Bar ID 17268750
GREGG M. ROSENBERG & ASSOCIATES
11 Greenway Plaza, Suite 2810
Houston, Texas 77046
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
GREGG M. ROSENBERG & ASSOCIATES

ATTORNEYS FOR PLAINTIFF

nasti/6.01/ first amended petition

CAUSE NO. 2004-53637

| | | |
|---|---|---|
| JOANNE MACKAY NASTI, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CIBA SPECIALTY CHEMICALS | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | 133rd JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Ciba Specialty Chemicals Corporation ("Ciba") files this original answer and would show the court as follows:

### I.
### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Ciba generally denies the allegations contained in Plaintiff's First Amended Original Petition ("Amended Petition") and demands strict proof of each and every allegation that Plaintiff makes.

### II.
### Special Denial

Ciba specially denies that Plaintiff is entitled to a jury on all issues alleged in her Amended Petition. Ciba further specially denies that Plaintiff may recover the categories of damages sought by the Amended Petition.

HOU02:1008100.2

## III.
## Defenses, Affirmative Defenses, and Other Matters

1.     Plaintiff's Amended Petition fails to state a claim upon which relief can be granted.

2.     Plaintiff has failed to mitigate alleged damages.

3.     Damages, if any are awarded, should be reduced by interim earnings or amounts earnable with reasonable diligence by Plaintiff and by other amounts recovered by Plaintiff from any interim source.

4.     Ciba is entitled to an offset for or monies owed by Plaintiff.

5.     To the extent applicable, Ciba asserts the defenses of estoppel, waiver, unclean hands and ratification.

6.     Ciba asserts the defense of election of remedies.

7.     Plaintiff's damages, if any, must be reduced pursuant to the doctrine of after-acquired evidence.

8.     To the extent Plaintiff's claims and/or damages are barred by the doctrine of laches and/or applicable periods of limitations, Ciba asserts those defenses.

9.     Plaintiff has failed to timely file and serve this lawsuit with respect to claims under the Texas Labor Code.

10.    To the extent Plaintiff has failed to timely exhaust internal and external administrative remedies, Plaintiffs claims are barred.

11.    Any and all actions taken by Ciba with respect to Plaintiff's employment were for legitimate, non-discriminatory reasons and were based on factors other than Plaintiff's gender or protected activity, if any.

12.     Ciba's policies and actions affecting Plaintiff's employment were justified, job related and for business reasons necessary to the normal operation of the business.

13.     Ciba acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted and, accordingly, Plaintiff is barred from recovery in this action on each purported claim asserted.

14.     Ciba asserts that Plaintiff's alleged injuries arise in whole or in part from the conduct of Plaintiff and/or third parties, and not from the conduct or breach of any duty by Ciba.

15.     Ciba is not liable for punitive damages because even if there were any discriminatory conduct by any of Ciba's managerial agents, it would be contrary to Ciba's good faith efforts to enforce its anti-discrimination policies.

16.     Any award of punitive damages in this case would violate the Texas Constitution and the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as well as guarantees contained in the Sixth and Eighth Amendments thereto.

17.     The tort reform cap on punitive or exemplary damages imposed by Chapter 41 of the Civil Practice & Remedies Code applies to limit Plaintiff's recovery for any alleged tort.

18.     Damages under the Texas Labor Code are limited by that statute.

19.     Ciba reserves the right pursuant to *Transportation Ins. Co. v. Moriel* to bifurcate the determination of the amount of punitive damages, if any, from the remaining issues in the trial.

20.     Ciba asserts the defenses and limitations on liability and damages as set out in Chapters 101, 104, and 108 of the Civil Practice & Remedies Code.

21.     Ciba asserts that the damages sought by Plaintiff for alleged humiliation, embarrassment, and sustained damage to her credibility and prospects for future employment are barred because any statements on which the damages are based were qualifiedly privileged, substantially true or based on opinion, and non-defamatory.

22.     Ciba asserts that the damages sought by Plaintiff for alleged humiliation, embarrassment, and sustained damage to her credibility and prospects for future employment are barred because any statements on which the damages are based were not published.

23.     Ciba asserts that the damages sought by Plaintiff for alleged humiliation, embarrassment, and sustained damage to her credibility and prospects for future employment are barred by the applicable period of limitations.

24.     Ciba asserts that it is entitled to reasonable and necessary attorneys' fees under the *Christiansburg Garment* standard for having to defend itself against the false and wholly frivolous allegations contained in the Amended Petition because Plaintiff knew they were false when filed and also because Plaintiff continued to prosecute these claims even after she knew them to be meritless, groundless and brought in bad faith.

25.     Ciba reserves the right to amend this Answer if further investigation and/or discovery reveal that supplementation or correction of any statement or answer contained herein is necessary.

## IV.
### Prayer

Ciba prays that Plaintiff take nothing by reason of her suit and that all court costs and attorneys' fees be taxed and adjudged against her.  Ciba further prays for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: _____
    Teresa S. Valderrama
    State Bar No. 20422500
    Carrie A. Hays
    State Bar No. 24040924
    One Shell Plaza
    910 Louisiana
    Houston, Texas  77002-4995
    (713) 229-1234 (Telephone)
    (713) 229-1522 (Facsimile)

ATTORNEYS FOR DEFENDANT CIBA
SPECIALTY CHEMICALS CORPORATION

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been forwarded to Gregg M. Rosenberg, Gregg M. Rosenberg & Associates, 11 Greenway Plaza, Suite 2810, Houston, Texas  77046, counsel for Joanne MacKay Nasti, by certified mail, return receipt requested, this 30th day of November 2004.

_____
Teresa S. Valderrama

tab c

**2004-53637**

FILED: _____09/27/2004_____

GENERAL ORDER OF THE COURT _____133RD_____

NASTI, JOANNE MACKAY
PLAINTIFFS

ROSENBERG, GREGG M.
_____ Attorney

Jury Fee Paid By:
LF109447
GREGG M ROSENBERG & A

## NATURE OF ACTION

EMPLOYMENT DISCHARGE

VS.

CIBA SPECIALTY CHEMICALS CORPORATION
DEFENDANTS

_____ Attorney

## SETTINGS

SURETIES ON COST BOND:

tab D

**EXHIBIT D**

**Index of Matters Being Filed**

1.      All executed process in the case (Exhibit A);

2       Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);

3.      All orders signed by the State Judge (none);

4.      The docket sheet (Exhibit C);

5.      A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit E).

HOU02:1008423.2

tab E

**EXHIBIT E**

**List of Attorneys**

Attorneys for Plaintiff, Joanne MacKay Nasti:

        Gregg M. Rosenberg
        Gregg M. Rosenberg & Associates
        11 Greenway Plaza, Suite 2810
        Houston, Texas 77046
        (713) 960-8300
        (713) 621-6670 (Facsimile)

Attorneys for Defendants Ciba Specialty Chemicals Corporation:

        Teresa S. Valderrama
        Baker Botts L.L.P.
        One Shell Plaza
        910 Louisiana
        Houston, Texas 77002-4995
        713-229-1860
        713-229-7860 (Facsimile)

JS 44
(Rev  07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  **(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)**

## 1(a) PLAINTIFFS

Joanne McKay Nasti

## DEFENDANTS

Ciba Specialty Chemicals Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery County, TX
(EXCEPT IN U.S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gregg M. Rosenberg
Gregg M. Rosenberg & Associates
11 Greenway Plaza, Suite 2810
Houston, Texas 77046
(713) 960-8300

ATTORNEYS (IF KNOWN)

Teresa S. Valderrama
Baker Botts LLP
910 Louisiana
Houston, Texas 77002
(713) 229-1860

UNITED STATES
SOUTHERN DISTRICT OF TEXAS
FILED

DEC - 8 2004

# H-04-4590

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U S  Government Plaintiff

☐ 2 U S  Government Defendant

☐ 3 Federal Question
(U S  Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
(For Diversity Cases Only)FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U S  CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE  DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY )

ERISA Preemption, 29 U S C  § 1001 et seq    28 U.S.C. § 1332 (Diversity)

## V. NATURE OF SUIT PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal  Injury — Med | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Malpractice | ☐ 625 Drug Related  Seizure  of | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal  Injury — Product | Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos  Personal  Injury Product Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery  of  Defaulted Student  Loans  (Excl Veterans) | ☐ 345 Marine Product  Liability | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 355 Motor  Vehicle  Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | | | |
| ☐ 160 Stockholders Suits | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 380 Other  Personal  Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage  Product Liability | ☐ 720 Labor/Mgmt  Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| | | | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | ☐ 870 Taxes (U S  Plaintiff or Defendant) | ☐ 890 Other Security Actions |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530  General | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Judge from Magistrate Judgment

Appeal to District
Transferred from

## VII. REQUESTED IN COMPLAINT:☐ UNDER F R C P 23

CHECK IF THIS IS A **CLASS ACTION**

DEMAND $ *

Check YES only if demanded in complaint.

**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY:

JUDGE:

DATE  December 8, 2004

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT