UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOANNE MACKAY NASTI,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-04-04590 |
| | § | |
| **CIBA SPECIALTY CHEMICALS** | § | |
| **CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Opposed Motion for Reconsideration of the Court's Granting Summary Judgment in Favor of Defendant (Docket # 41). Plaintiff asserts that the Court erred in granting summary judgment without allowing her to conduct certain additional depositions, which, Plaintiff contends, frustrated her ability to respond to Defendant's summary judgment motion. For the following reasons, Plaintiff's motion is **DENIED**.

### I. Standard for Reconsideration

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Where, as here, the motion is filed within ten days of the judgment of which the party complains, the motion is considered a Rule 59(e) motion to alter or amend judgment.[1] *Id.* A motion to alter or amend a judgment must "clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and

---

[1] Here, the Court issued its Final Judgment on February 1, 2006, and Plaintiff filed her motion for reconsideration on February 15, 2006. Under Federal Rule of Civil Procedure 6(a), which provides that weekends and legal holidays are not included in computing time requirements that are less than eleven days, Plaintiff's motion was filed within ten days of the Court's Judgment.

should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

## II. Timeliness of Plaintiff's Discovery Argument

The Fifth Circuit has found that a motion under Federal Rule of Civil Procedure 56(f), rather than a motion for reconsideration, is the proper method for raising an argument that summary judgment is inappropriate because of inadequate discovery. *See, e.g.*, *Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996). A party should make such a Rule 56(f) motion in response to a motion for summary judgment, prior to the Court's consideration of and ruling on the summary judgment motion. *Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992) ("To preserve a complaint of inadequate opportunity to conduct discovery, the party opposing a motion for summary judgment must file a motion and non-evidentiary affidavits pursuant to Fed.R.Civ.P. 56(f), explaining why it cannot oppose the summary judgment motion on the merits."); *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999) (finding that "[u]nder Federal Rule of Civil Procedure 56(f), the appropriate way to raise the issue [of inadequate discovery] is for the party opposing the motion for summary judgment to file a motion for continuance with an attached affidavit stating why the party cannot present by affidavit facts essential to justify the party's opposition," and holding that, because the plaintiff had failed to do this, it had waived the issue of inadequate discovery).

Here, Plaintiff declined to file a Rule 56(f) motion in response to Defendant's motion for summary judgment, or to raise the issue of inadequate discovery in either of her briefings in response to Defendant's motion. Instead, Plaintiff contends that she raised her concerns regarding the need to take additional depositions as part of an informal discovery dispute, which the Court heard on July 1, 2005. At the hearing, the Court deferred a ruling on the discovery

2

issues until after Defendant had filed its summary judgment motion. The Court further instructed Plaintiff that, if she still believed that discovery was inadequate to allow her to respond to the issues raised in Defendant's motion, she should then make a proffer as to what testimony she expected additional deponents would provide. Plaintiff failed to make such a proffer, or even to raise the issue of inadequate discovery, in either her response or supplemental response to Defendant's summary judgment motion, or at the August 31, 2005 hearing on the motion. Plaintiff has also failed to offer any explanation for her delay in raising this issue until after the Court has already ruled on the motion and entered a Final Judgment dismissing the case. Plaintiff's motion should therefore be denied as untimely.

Moreover, Plaintiff's motion for reconsideration, which is admittedly based on the need for depositions that were the subject of a prior, informal discovery hearing, certainly cannot be construed as presenting "newly-discovered evidence," as required for a motion to alter or amend a judgment. *See Ross*, 426 F.3d at 763. In order to prevail on her request for additional depositions, Plaintiff should have raised the issue earlier in a Rule 56(f) motion in response to Defendant's motion for summary judgment, or have designated newly-discovered testimony that she expects a witness could provide. Plaintiff has failed to do either, and accordingly, her motion must be denied.

**III. Failure to Designate Testimony Demonstrating a Genuine Issue of Material Fact**

Additionally, Plaintiff's motion fails because, even if it had been made in a timely fashion, Plaintiff has not pointed to any testimony that would raise a genuine issue of fact as to whether Defendant's proffered reason for terminating her was pretext for discrimination, or whether Defendant discriminated against her by denying her a position in a different division of the company. To obtain a continuance (or reconsideration) of a summary judgment ruling for

lack of adequate discovery, Plaintiff must "present specific facts explaining [her] inability to make a substantive response," and "specifically demonstrat[e] how postponement of a ruling on the motion will enable [her], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (internal quotations omitted).

First, Plaintiff asserts that, had she been given the opportunity to depose Stephen Bocken, his testimony "would have revealed that Mr. Bocken had the authority to create any position he wanted and had the authority to instruct human resources to do what was necessary to create it." Pl.'s Mot. at 2. Plaintiff asserts that Mr. Bocken's testimony "would also have revealed that he would have hired her had she not been on a performance improvement plan." *Id.* This testimony presumably goes to Plaintiff's claim that Defendant discriminatorily denied her a position with its Paper Division in Switzerland. Assuming that Bocken would testify as Plaintiff contends, this would not raise a factual issue to defeat summary judgment on Plaintiff's claim.

In order to establish a failure-to-promote claim, Plaintiff must show, among other things, that after her rejection for a position, the position remained open and Defendant continued to seek applications. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Even with Bocken's testimony, Plaintiff cannot establish that any position remained open in the Defendant's Paper Division, or that the Paper Division continued to seek applications for any position that Plaintiff was denied. That Bocken had the authority to create a position, and that he would have created a position for Plaintiff had she not been on a performance improvement plan, does not establish the elements of a failure-to-promote claim, nor does it show that Defendant treated male employees better than Plaintiff, or that it discriminated against her by denying her a

4

position. Mr. Bocken's proffered testimony would not have changed the Court's ruling on Defendant's summary judgment motion in any way.

Second, Plaintiff alleges that had she been allowed to depose David Pechey, her direct line manager, Mark Thouin, her former supervisor, and Ralph Bauer, they all would have provided testimony as to Plaintiff's exemplary job performance. Plaintiff contends that "[i]t is unthinkable to conclude that [their] testimony would not be vital to the outcome of the case. [Plaintiff's] performance was such an issue in the summary judgment motion and the testimony . . . would have addressed some of the factual conclusions reached by this Court regarding [Plaintiff's] performance." Pl.'s Mot. at 3.

On the contrary, the Court drew no factual conclusions as to Plaintiff's performance, as her performance was not relevant to its ruling on Defendant's summary judgment motion. Although Defendant had initially decided that Plaintiff would be terminated for performance problems, Plaintiff ultimately was not terminated for performance. Rather, Defendant discovered facts from which it concluded that Plaintiff had falsified a call report, which superseded any performance issues, and Defendant terminated Plaintiff because it believed that she had submitted a false call report. Plaintiff did not raise any evidence to contradict Defendant's testimony that she would have been terminated for submitting a false call report regardless of whether she had been an excellent or a poor employee. Accordingly, to the extent that the additional depositions would have elicited testimony of Plaintiff's excellent job performance, this would not have allowed Plaintiff to respond more fully to Defendant's motion or to raise a genuine issue of fact to defeat summary judgment.

Finally, Plaintiff contends that the testimony of David Pechey and Philip Schlaepfler would have shown that she was justified in abandoning the trip for which she allegedly falsified

5

the call report. According to Plaintiff, even without this testimony, her own affidavit that she presented in support of her response to Defendant's motion "was sufficient in and of itself to defeat summary judgment in that her testimony was that she did not initially write a call report because she closed the business by phone and it was not until after Becherer asked her to document the business that she wrote the report after the fact, at his (Becherer's) direction." Pl.'s Mot. at 3. Plaintiff claims that the Court granted a summary judgment for Defendant because it concluded that she had falsified the call report. This is incorrect.

The Court granted summary judgment for Defendant not because it concluded that Plaintiff submitted a false call report, but because Plaintiff failed to present any evidence that Defendant did not truly believe that Plaintiff had submitted a false report, and thus, that Defendant's proffered reason for her termination was merely pretext for discrimination. While Plaintiff may have identified an issue of fact as to whether she actually falsified the call report, the correctness of Defendant's belief that she falsified the report is not relevant to the issue of discriminatory animus. *See, e.g.*, *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). Rather, to show that Defendant's proffered reason for her termination was pretext for discrimination, Plaintiff needed to present evidence showing that Defendant was not truly motivated by the belief that she had falsified the report, but instead, was motivated by a discriminatory purpose. *See Jeffries v. Harris County Cmty. Action Assoc.*, 615 F.2d 1025, 1036 (5th Cir. 1980). Plaintiff's affidavit testimony that she wrote the report at Becherer's direction did not raise a factual issue as to the veracity of Defendant's belief that she had falsified the report. Nor would Pechey's or Schlaepfler's testimony as to Plaintiff's justification in abandoning the trip for which she wrote the call report raise any factual issue as to the sincerity of Defendant's belief that she had falsified her report. Accordingly, Plaintiff has failed to show

how the opportunity to take additional depositions would have allowed her to raise a genuine issue of material fact to defeat Defendant's motion for summary judgment.

## IV. Conclusion

Plaintiff's Opposed Motion for Reconsideration of the Court's Granting Summary Judgment in Favor of Defendant is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 3rd day of April, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN
THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.